UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ERNEST CEPHAS,<br>    Petitioner, | Case No. 1:20-cv-567 |
| vs. | Dlott, J.<br>Litkovitz, M.J. |
| WARDEN, LEBANON<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner has filed a motion to withdraw his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. (Doc. 15). Petitioner indicates that he is not ready to file his petition at this time,[1] that he has unexhausted claims pending in a post-conviction petition filed in the Ohio Court of Appeals, and that he wishes that the Court strike and disregard his March 5, 2021 motion for a stay and abeyance.

Fed. R. Civ. P. 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *See also* Rule 12 of the Rules Governing Habeas Corpus Cases under Section 2254 (stating that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provision or these rules, may be applied to a proceeding under these rules").

Pursuant to Fed. R. Civ. P. 41(a)(2), petitioner's motion to withdraw his petition (Doc.15) should be **GRANTED** and this action should be **DISMISSED without prejudice.** Petitioner's

---

[1] Petitioner initiated this action by filing an incomplete petition and a "Motion for an Extension of Time or Tolling of Time to File Petition for Writ of Habeas Corpus." (Doc. 2). Petitioner noted that the law library was closed due to the COVID-19 pandemic, that his habeas corpus petition is saved on the law library computer network, and he has no way to access or retrieve his documents. Concerned about the limitations period applicable to his petition, petitioner requested that the Court either toll the time period to file his petition or grant an extension of time to file his petition until the law library is reopened. The undersigned granted petitioner an extension of time to file a complete petition on July 23, 2020 and three additional extensions. (Doc. 3, 5, 9, 11). On May 7, 2021, petitioner specified his grounds for relief, but has not filed a complete petition to date. (*See* Doc. 14).

pending motion for a stay and abeyance (Doc. 12) should be **DENIED as moot**.

    **IT IS SO RECOMMENDED.**

Date: 5/31/2021

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ERNEST CEPHAS,
    Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:20-cv-567

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).